IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| **HOLCIM (US) INC.**<br>8700 West Bryn Mawr Avenue, Suite 300N<br>Chicago, Illinois 60631<br><br>*Plaintiff,*<br><br>v.<br><br>**SOUTHPOINT DEMOLITION, LLC**<br>11711 Princeton Pike<br>Cincinnati, Ohio 45246<br><br>       **SERVE ON: Patricia Stevenson,**<br>       **Registered Agent**<br>       **11711 Princeton Pike**<br>       **Cincinnati, Ohio 45246**<br><br>**and**<br><br>**MITCH G. STEVENSON a/k/a GEORGE**<br>**STEVENSON**<br>**7822 Remington Road**<br>**Cincinnati, Ohio 45242**<br><br>*Defendants.* | Case No. _____ |

## COMPLAINT

Plaintiff HOLCIM (US) Inc., by and through undersigned counsel, hereby files this Complaint against Defendants Southpoint Demolition, LLC and Mitch G. Stevenson a/k/a George Stevenson, and in support, states as follows:

## PARTIES

1. Plaintiff HOLCIM (US) Inc., ("Holcim") is a Delaware corporation, with a principal place of business in Illinois, licensed to conduct business in Maryland.

2. Holcim is therefore a citizen of Delaware and Illinois.

1

3. Defendant Southpoint Demolition, LLC ("Southpoint") is an Ohio limited liability company, whose members, upon information and belief, are all citizens of Ohio.

4. Southpoint is therefore a citizen of Ohio.

5. Defendant Stevenson is the owner of Defendant Southpoint and is an individual, and based on publicly available records, is a citizen of Ohio.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties, and the matter in controversy exceeds the sum of $75,000, exclusive of interest, costs, and attorneys' fees.

7. The Court has personal jurisdiction over Defendants Southpoint and Stevenson because they conducted business in Maryland, and because Defendant Southpoint, through Defendant Stevenson, entered into a written agreement to perform services in Maryland and did perform those services in Maryland.

8. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b)(2) because the District of Maryland is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## STATEMENT OF FACTS

9. Defendant Southpoint is a demolition firm and purchaser of industrial assets and scrap.

10. Defendant Southpoint is owned and operated by Defendant Stevenson, and Defendant Stevenson's family.

11. Pursuant to three written proposals, Defendant Southpoint proposed to remove and purchase approximately 255 tons of scrap metal, three transformers, and a five electric motors from the Holcim's Slag Granulation and Grinding Plant in Sparrows Points, Maryland.

12. Specifically, Defendant Southpoint, acting through its owner Defendant Stevenson, agreed to purchase miscellaneous drums of steel balls at a price of $365.00 per gross ton, and miscellaneous steel scrap at a price of $240.00 per gross ton.

13. Southpoint also agreed to purchase the transformers for $4,500.00 and the electric motors for $2,500.

14. Holcim accepted these proposals and the terms therein, by oral and written communications.

15. Holcim's acceptance and a meeting of the minds between Holcim and Southpoint is further evidenced by the fact that Holcim permitted Southpoint and Stevenson to remove the items as indicated in the written proposals.

16. Under the terms of the written proposals, Southpoint agreed to provide all labor, equipment, and transportation necessary to remove the materials.

17. Holcim agreed to allow Southpoint to utilize on-site truck scales in order to weigh the materials that Southpoint was to remove.

18. Holcim also agreed to provide weight slips, also known as Bills of Lading, to document the weight of materials being removed.

19. This was a Net 30 agreement, which means that payments were to be made within 30 days of receiving an invoice.

20. Between December 20, 2023 and January 9, 2024 Southpoint removed all the materials from the Sparrows Point plant, except the electric motors.

21. The trucks that removed the materials were weighed before the materials were loaded in, and then again after the materials were loaded in.

22. This allowed both Southpoint, Stevenson, and Holcim to accurately document the type of material being removed, and the weight of that material.

23. Southpoint also removed a small quantity of scrap copper for $750.00

24. In total, Southpoint removed 185.7 gross tons of miscellaneous drums of steel balls and 69.1 gross tons of steel scrap.

25. The removal of approximately 255 tons of steel scrap is documented on 14 separate Bills of Lading.

26. At the agreed upon purchase price of $365.00 per gross ton, the total purchase price due for the removal and purchase of the miscellaneous drums of steel balls was $67,780.50.

27. At the agreed upon purchase price of $240.00 per gross ton, the total purchase price due for the removal and purchase of the steel scrap was $16,584.00.

28. The total amount due and owing to Holcim, based on the written agreements for the purchase and removal of the above-described materials, was $89,614.50.

29. Despite numerous communications and attempts to communicate with Southpoint and Stevenson, Holcim has received only a single payment of $2,500.

30. Exclusive of pre-judgment interest and attorneys' fees, the amount due and owing is $87,114.00.

31. Upon information and belief, Southpoint and Stevenson have a practice of entering into agreements to remove and purchase industrial scrap; removing the materials pursuant to those agreements; and then neglecting to pay the agreed upon price to the seller.

32.     Upon information and belief, Stevenson has operated through several entities, including Lego Demolition, LLC; True Grit Industries; Buckeye Salvage; and AAA Surplus, all of which have been sued for failing to make agreed upon payments after removing scrap metal and other industrial assets.

33.     Stevenson has also been indicted in the United States District Court for the Virgin Islands for wire fraud and identity theft arising out of an agreement to purchase and remove miscellaneous scrap metal.

## COUNT I
## BREACH OF CONTRACT

34.     Plaintiff incorporates and realleges the allegations in the preceding paragraphs as if fully set forth herein.

35.     Holcim and Southpoint entered into a legally binding and enforceable contract when Holcim accepted the offers contained in the written proposals. At all times, Holcim performed its obligations under the agreements.

36.     Southpoint breached the agreement when it failed to fulfill its obligation to pay Holcim the outstanding balance of $87,114.00, yet took the valuable assets from Holcim's plant located in Sparrows Point.

37.     Holcim was damaged as a result of Southpoint's breach of the agreement. Holcim lost the value of its scrap metal and industrial assets, and was not paid the outstanding balance of $87,114.00.

WHEREFORE, Holcim seeks a monetary judgment against Southpoint in the amount of $87,114.00, plus costs and reasonable attorneys' fees, and such other and further relief as this Court deems equitable under the circumstances.

## COUNT II
## PROMISSORY ESTOPPEL

38. Plaintiff incorporates and realleges the allegations in the preceding paragraphs as if fully set forth herein.

39. There was a clear and definite promise made between Defendant Southpoint and Holcim.

40. Defendant Southpoint reasonably expected that its promise would induce action or forbearance by Holcim, namely, allowing Defendant Southpoint to remove scrap metal and industrial assets.

41. Defendant Southpoint's promise to pay induced actional and reasonable action or forbearance by Holcim.

42. The detriment suffered by Holcim can only be avoided by the enforcement of the promise to pay.

WHEREFORE, Holcim seeks a monetary judgment against Southpoint in the amount of $87,114.00, plus costs and reasonable attorneys' fees, and such other and further relief as this Court deems equitable under the circumstances.

## COUNT III
## UNJUST ENRICHMENT

43. Plaintiff incorporates and realleges the allegations in the preceding paragraphs as if fully set forth herein.

44. Holcim conferred a benefit upon Defendant Southpoint by allowing Defendant Southpoint to remove scrap metal and industrial assets from its plant in Sparrows Point.

45. Defendant Southpoint appreciated and had knowledge of this benefit, and agreed to pay Holcim no less than $89,614.50 for the scrap metal and industrial assets

46. Defendant Southpoint accepted the scrap metal and industrial assets and has retained the benefit of possessing the scrap metal and industrial assets, but has failed to pay Holcim the outstanding agreed upon balance of $87,114.00.

47. Under such circumstances, it is inequitable for Southpoint to retain the benefit without payment of its value.

48. Defendant Southpoint has improperly withheld $87,114.00 that is due and owing to Holcim.

WHEREFORE, Holcim seeks a monetary judgment against Southpoint in the amount of $87,114.00, plus costs and reasonable attorneys' fees, and such other and further relief as this Court deems equitable under the circumstances.

## COUNT II
## CONVERSION

49. Plaintiff incorporates and realleges the allegations in the preceding paragraphs as if fully set forth herein.

50. The scrap metal and industrial assets that Defendants Southpoint and Stevenson removed from Holcim's plant located in Sparrows Point were the rightfully property of Holcim.

51. At all times, Holcim had good and marketable title to the scrap metal and industrial assets.

52. Pursuant to the accepted proposals, title for the scrap metal and industrial assets would transfer upon the payment of the agreed upon purchase prices.

53. By failing to pay the agreed upon purchase price, yet retaining, and/or reselling the same scrap metal and industrial assets, Defendants Southpoint and Stevenson have committed distinct acts of ownership and have exerted dominion over property belonging to Holcim.

54. Defendants' conduct is wrongful and constitutes conversion.

55. Holcim has been substantially damaged as a consequence of Defendants' wrongful conduct.

WHEREFORE, Holcim seeks a monetary judgment against Southpoint in the amount of $87,114.00, plus costs and reasonable attorneys' fees, and such other and further relief as this Court deems equitable under the circumstances.

## Count IV
## FRAUD

56. Plaintiff incorporates and realleges the allegations in the preceding paragraphs as if fully set forth herein.

57. Defendant Southpoint and Stevenson asserted a false representation of material fact to the plaintiff.

58. Specifically, Defendants represented that it would pay Holcim the full, agreed upon value for the scrap metal and industrial assets it was removing from the plant in Sparrows Point.

59. These representations were made in writing and orally by Defendant Stevenson, including but not limited to the written proposals dated October 9, 2023 and December 13, 2023.

60. At the time Defendants made this representation and entered into the corresponding agreement, Defendants knew that they were not going to pay Holcim, and made the false representation for the very purpose of defrauding Holcim.

61. Defendants knew that the promise of payment was false because Defendants have a consistent and regular practice of agreeing to make payments in exchange for scrap metal, removing the materials, and then failing to make the agreed upon payments.

62. Holcim justifiably relied upon the misrepresentation, and as a result, suffered damages as a result of its reliance.

WHEREFORE, Holcim seeks a monetary judgment against Southpoint in the amount of $87,114.00, plus costs and reasonable attorneys' fees, punitive damages, and such other and further relief as this Court deems equitable under the circumstances.

Dated: January 9, 2025

Respectfully Submitted,

WHITEFORD, TAYLOR & PRESTON L.L.P.

*/s/ Samuel P. Morse*
Samuel P. Morse (Bar No. 21955)
Seven Saint Paul Street, Suite 1500
Baltimore, Maryland 21202-1636
Phone: (410) 347-8708
Email: smorse@whitefordlaw.com
*Attorney for Plaintiff Holcim (US) Inc.*

4917-6708-0968, v. 2